**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia D. Brown, ) | No. CV 08-0901-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Michael J. Astrue, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff seeks judicial review of the Social Security Administration's decision that she is not eligible for disability benefits. We have before us plaintiff's opening brief (doc. 16), defendant's answering brief (doc. 18), and plaintiff's reply (doc. 19).

**I**

Plaintiff filed an application for supplemental social security income benefits in 2003, alleging disability due to a gunshot wound in her back, hypertension, and depression. Her application was denied initially and upon review. After a January 17, 2006 hearing, an Administrative Law Judge ("ALJ") denied plaintiff's application for benefits by written decision on March 21, 2006. Plaintiff appealed that decision to the United States District Court for the District of Arizona, and upon stipulation of the parties, the ALJ's decision was vacated and the case remanded. A second hearing was held on December 5, 2007, and plaintiff's claim for benefits was again denied by written decision of the ALJ on January 10, 2008. This decision became the final decision of the Commission when no appeal was taken.

Tr. at 348-50. Plaintiff brings this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

An ALJ's decision to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Under this standard, an ALJ's findings must be upheld "if supported by inferences reasonably drawn from the record," even where "evidence exists to support more than one rational interpretation." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); see also 42 U.S.C. § 405(g). Plaintiff challenges the ALJ's determination that her impairments do not meet or exceed the severity requirements of a listed impairment and the ALJ's determination that she maintains the residual functional capacity to perform light work.

## II

The ALJ concluded that plaintiff suffers from three severe impairments – affective disorder, obesity, and lumbar strain – but that they did not meet or equal the severity requirements of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. at 440. Plaintiff argues that because she presented evidence that her affect disorder meets the severity requirements of section 12.04, the ALJ was required to make specific findings regarding the 12.04 criteria, which he failed to do. Although perhaps not neatly labeled, the ALJ undertook a detailed evaluation of the medical evidence relied on by plaintiff to show the 12.04 listing criteria.

Plaintiff argues that she meets the listing requirement of 12.04 because she has experienced sleep disturbance, weight gain, difficulty concentrating, and paranoia, which have led to a marked decrease in maintaining social functioning. To show her symptoms, plaintiff relies primarily on her subjective complaints, which the ALJ rejected based on a credibility determination. Tr. at 446. She also relies on a function report completed by her sister, Id. at 83-89, but the ALJ considered this report and weighed it in his analysis. Id. at 446. Finally, plaintiff relies on a medical assessment report by her treating physician, M.

Bengala, M.D. The ALJ also considered this report and rejected it as unsupported by medical evidence. Id. at 444. Plaintiff has not, therefore, shown any evidence that the ALJ failed to address.

Plaintiff also claims that she meets the listing requirement of 12.04 because she suffers severe anxiety attacks and suicidal thoughts, which have resulted in repeated episodes of decompensation. The only recorded evidence of decompensation, however, occurred in August 2006 when plaintiff was hospitalized for less than one week due to suicidal ideation without a plan.[1] Id. at 569-74. As noted by the ALJ, this single episode is insufficient to meet the criteria of listing 12.04. Id. at 445; see 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.00(C)(4) ("The term repeated episodes of decompensation, each of extended duration in these listings means three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks.").

We, therefore, conclude that the ALJ considered the evidence presented by plaintiff regarding 12.04 factors and that his findings were based on substantial evidence in the record.

**III**

We also consider whether the ALJ erred in concluding that plaintiff has the residual functional capacity to perform light work. Plaintiff argues that the ALJ's assessment of the record is insufficient because he did not properly weigh and evaluate the medical evidence. We disagree.

Plaintiff contends that the ALJ improperly rejected a medical assessment completed by her treating physician, Dr. Bengala. A treating physician's opinion may be rejected, however, where the opinion is "brief, conclusory, and inadequately supported by clinical

---

[1] Plaintiff also points to a July 2005 report from Terros, Inc. recording an incident in which she was transported from a restaurant to the treatment facility to refill her prescriptions and immediately released. Tr. at 220-21. The ALJ considered this incident, and did not deem it to be an episode of decompensation. Id. at 443. This determination is supported by the evidence in record.

findings," Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (citation omitted). The worksheet completed by Dr. Bengala is both brief and conclusory and does not identify objective medical evidence upon which it is based. Tr. at 562-63. Although plaintiff cites evidence in the record consistent with Dr. Bengala's opinion, the record is also replete with evidence supporting the ALJ's findings.[2] "When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." Batson, 359 F.3d at 1196.

Plaintiff also claims that the ALJ erred by giving substantial weight to the opinion of Jayne Speicher-Bocija, Ph.D. without considering the limitations on plaintiff's activities that she recognized. Although the ALJ did not specifically list every limitation described by Dr. Speicher-Bocija, he acknowledged that Dr. Speicher-Bocija found that plaintiff displayed moderate symptoms. Tr. at 443. Nonetheless, the evaluation as a whole supports the ALJ's determination regarding plaintiff's residual functional capacity. Id. at 158-63. Moreover, while Dr. Speicher-Bocija's opinion differs from that of Dr. Bengala, it is in accord with other objective evidence on the record, and may be relied on as substantial evidence. See Thomas, 278 F.2d at 957.

Plaintiff next claims that the ALJ improperly rejected a portion of an evaluation by Robert C. Woskobnick, D.O., opining that plaintiff needed a sit/stand option and could only occasionally perform postural activities due to her back problems. Tr. at 153. However, "[i]t is not necessary to agree with everything an expert witness says in order to hold that his testimony contains 'substantial evidence.'" Magallanes v. Bowen, 881 F.2d 747, 753 (9th

---

[2] Plaintiff tries to make much of the fact that the ALJ mentioned when rejecting Dr. Bengala's opinion that plaintiff had received a global assessment of function ("GAF") score of 60. She argues that this score is irrelevant because her GAF scores fluctuated during the alleged period of disability. This score was not, however, the sole basis upon which the ALJ rejected Dr. Bengala's medical assessment. Tr. at 444. In addition, while plaintiff's GAF score may have at times indicated serious impairment, GAF scores do not "have a direct correlation to the severity requirements in [the Social Security Administration's] mental disorders listings." Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50,746-01, 50,764-65 (Aug. 21, 2000).

Cir. 1989) (quotation omitted). The ALJ's decision to reject Dr. Woskobnick's opinion regarding a sit/stand option was supported by other evidence in the record, including Dr. Woskobnick's objective findings and plaintiff's testimony that she could sit continuously for 2 hours and walk for thirty minutes. Tr. at 152-53, 474.

The ALJ also afforded substantial weight to a psychological evaluation performed by James E. Huddleston, Ph.D., which concluded that plaintiff could manage simple to moderately complex work tasks and displayed evidence of malingering. Id. at 444, 536-52. Plaintiff contends that this report should not have been relied upon to determine her residual functional capabilities because Dr. Huddleston was not able to complete a medical source statement due to testing failures.[3] However, a medical opinion may be relied upon "as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." Thomas, 278 F.3d at 957. Even though Dr. Huddleston was unable to rely upon his test results due to plaintiff's test-taking behavior and attitude, Id. at 542, he based his opinion on his clinical interview with plaintiff, and his review of her medical records. Id. at 545. It was not, therefore, error for the ALJ to afford weight to Dr. Huddleston's opinions.

**IV**

Finally, we consider whether the ALJ properly determined that plaintiff's subjective allegations regarding her symptoms and functional limitations were not wholly credible. An

---

[3] Plaintiff also attempts to discredit the tests Dr. Huddleston used to find evidence of malingering. Opening Brief, Ex. 4. She did not, however, present any evidence regarding the reliability of the tests used by Dr. Huddleston to the ALJ or Appeals Council, and the article upon which she now relies must be considered new evidence. We need to remand for the consideration of new evidence only where plaintiff can show: (1) that new material evidence is available; and (2) good cause for having failed to present the evidence earlier. 42 U.S.C. § 405(g); Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001). Regardless of whether plaintiff would be able to show good cause, plaintiff cannot establish that the article is material. Materiality requires plaintiff to show "that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." Mayes, 276 F.3d at 462. Even if the article had been part of the record before the ALJ, substantial evidence supports the ALJ's findings and inferences.

ALJ is entitled to use ordinary techniques of credibility evaluation. However, because such testimony is inherently subjective, the ALJ may not reject it unless he makes specific factual findings that support the conclusion. Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991). Because there is evidence in the record that plaintiff was malingering, the ALJ's reasons need not meet the clear and convincing standard. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996).

Here, the ALJ set forth sufficiently specific findings to support his credibility determination. He found that the medical evidence did not fully support plaintiff's allegations because despite her claimed limitations, the objective medical record shows that she has received only "sporadic and inconsistent treatment for her alleged impairments." Tr. at 446; see 20 C.F.R. § 404.1529(b) (medical evidence must reasonably support subjective claims). The ALJ also found plaintiff to be "vague and unresponsive when questioned about her activities of daily living and overall functional capacity." Tr. at 446. Moreover, the ALJ described inconsistencies in plaintiff's own statements to treating sources.

We conclude that the ALJ's determination that plaintiff's testimony was not wholly credible is supported by specific findings and is therefore entitled to deference. See Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1464 (9th Cir. 1995).

**V**

Accordingly, **IT IS ORDERED AFFIRMING** the Commissioner's decision denying benefits.

DATED this 27th day of July, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge